A. B. POWELL and SUE POWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; OPAL M. POWELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Powell v. Commissioner
Docket Nos. 9932-84, 35027-84.
United States Tax Court
T.C. Memo 1985-547; 1985 Tax Ct. Memo LEXIS 82; 50 T.C.M. (CCH) 1356; T.C.M. (RIA) 85547; October 31, 1985. A. B. Powell and Sue Powell, pro se. Opal M. Powell, pro se. Deborah L. Hildebran, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: In these consolidated cases, respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
Docket No. 9932-84
1981
$493
(A.B. and Sue Powell)
Docket No. 35027-84
1981
653
(Opal M. Powell)
*83 The only issue for decision is which petitioner is entitled to an exemption deduction for three daughters resulting from the former marriage of A.B. Powell and Opal M. Powell. [1]
Some of the facts are stipulated and are so found. To facilitate disposition of this case, our findings of fact and opinion will be combined. A. B. and Sue Powell were residents of Blanch, North Carolina, at the time their petition was filed. Opal was a resident of Yanceyville, North Carolina, when she filed her petition with this Court. Both of these cases were originally filed as small tax cases pursuant to section 7463 of the Code. During the trial, petitioner A. B. Powell requested that his case be removed from the small tax case category in accordance with Rule 172(c). [2] After petitioner Opal M. Powell agreed to the removal of the small tax case designation as to her case, petitioner A. B. Powell's motion was granted and an order was entered removing both cases from the small tax category. Respondent thereupon filed answers to both petitions. *84 A. B. and Opal had been married for a number of years and had three daughters from their marriage. They were divorced in 1981, [3] at which time Paula, Angela and Jennifer were ages 14, 12 and 3, respectively. These children resided with Opal during 1981. A. B. and Sue Powell have stipulated with respondent that they paid the following amounts for the support of the children during the taxable year: Item
Paula
Angela
Jennifer
Support payments
$800.00
$800.00
$800.00
Christmas gifts
61.07
60.00
60.00
Total verified
$861.07
$860.00
$860.00
Respondent and Opal have stipulated that she provided the following support for her children during 1981: Item
Paula
Angela
Jennifer
Shelter, Food & Household
$1,644.29
$1,644.29
$1,644.29
Clothes
752.73
752.73
752.73
Education
48.71
48.71
48.72
Medical
375.87
321.36
334.35
Miscellaneous (haircuts,
vacations and school
activities)
79.22
79.22
79.22
Subtotal
$2,900.82
$2,846.31
$2,859.31
Less: Support payments
received from ex-husband
A. B. Powell
800.00
800.00
800.00
Total support verified
by Opal
$2,100.82
$2,046.31
$2,059.31
*85 A. B. and his wife Sue testified concerning additional cash sums paid to support his daughters in 1981 relating to purchase of boots and cheerleading transportation costs (Paula only), cash allowances, meals during weekend visits and other items. These support items result in the following revised support provided by A. B.: Paula
Angela
Jennifer
Additional cash expenditures [4]
$761.80
$422.00
$254.00
Add previously stipulated
amounts
861.07
860.00
860.00
Revised support
$1,622.87
$1,282.00
$1,114.00
In the case of divorced parents, section 152(e)(2)(B) allows the noncustodial parent an exemption when he provides $1,000 or more support for each child in a year if the parent having custody "does not clearly establish" that she provided more support than did the noncustodial *86 parent. , affd. per curiam . We have previously found that the respective parties have paid the amounts indicated above for the support of the children during 1981. Therefore, Opal has "clearly established" her right to the three dependency exemption deductions. A. B. has failed to prove that he paid more for the support of his daughters than the $2,100.82, $2,046.31 and $2,059.31 provided by Opal for Paula, Angela, and Jennifer, respectively. We note that some of A. B.'s support expenditures for food are high. However, even if we though otherwise, it is clear that Opal has shown by a clear preponderance of the evidence that she furnished more than half of the support for each child during the taxable year. See ; . [5]
Decision will be entered *87 for the respondent in docket No. 9932-84.
Decision will be entered for the petitioner in docket No. 35027-84.
Footnotes
1. Petitioners A. B. and Sue Powell will hereinafter sometimes be referred to as "A. B." Petitioner Opal M. Powell will be referred to as "Opal".↩
2. All section references are to the Internal Revenue Code of 1954, as amended, and all references to "Rules" shall be to the Tax Court Rules of Practice and Procedure.↩
3. The divorce decree was silent as to which parent was entitled to claim dependency exemptions for the children.↩
4. A. B. and Sue Powell also testified that the fair market value of lodging furnished to the children while the children visited them totaled $54 per child. However, we have previously held that lodging provided children by the non-custodial parent during visitations is not includable as a support item. See .↩
5. We recognize that section 152(e)(2)(B) does not apply in the case of Jennifer since A. B. did not provide $1,200 or more for her support. However, in light of our conclusion, no further discussion is necessary.↩